UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SALITO CHILUVANE, | ) |
| | ) CASE NO. C13-2120-MJP-MAT |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| ICE FIELD OFFICE DIRECTOR, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Salito Chiluvane has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241, contending that his detention without bond by U.S. Immigration and Customs Enforcement ("ICE") violates the Due Process Clause of the Fifth Amendment. Dkt. 1. He seeks either supervised released from the Northwest Detention Center, where he is being detained pending resolution of his removal proceedings, or a new bond hearing before an Immigration Judge ("IJ"). *Id.* at 2. Respondent has moved the Court to dismiss petitioner's habeas petition, asserting that he has failed to exhaust his administrative remedies and that, in

REPORT AND RECOMMENDATION
PAGE -1

any event, his detention is lawful. Dkt. 5. Petitioner did not respond to the motion to dismiss. Having considered the parties' submissions and the governing law, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this case be DISMISSED without prejudice.

## II. BACKGROUND

Petitioner is a native and citizen of Mozambique. Dkt. 5-1 at 4. He became an IR6 lawful permanent resident (spouse of a United States citizen) and was admitted to the United States in January 2010. *Id.* at 2.

On June 1, 2012, petitioner was convicted in the King County Superior Court for Assault in the Second and Third Degree and Felony Harassment, all for domestic violence. *Id.* He was sentenced to 35 months in prison. *Id.* On June 6, 2012, after coming to the attention of ICE while housed in the King County Jail, petitioner was taken into ICE custody and served with a Notice to Appear, charging him as subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). *Id.* at 4-5. The same day, ICE made an initial decision that petitioner would be detained during his removal proceedings, and petitioner requested a bond hearing before an IJ. *Id.* at 6.

Nearly a year later, petitioner had not received a bond hearing, and on May 14, 2013, the U.S. Department of Homeland Security ("DHS") filed a motion with the Immigration Court asking the court to schedule a bond hearing as soon as practicable. *Id.* at 7-8. After that, an IJ determined that a competency hearing was necessary, held such a hearing, determined that petitioner is incompetent, and had counsel appointed. *See id.* at 11-13.

01 On October 29, 2013, after several continuances, an IJ conducted an individualized
02 bond hearing where petitioner was represented by counsel. *Id.* at 14-15. Petitioner submitted
03 evidence, which included, among other things, a copy of petitioner's mental health review, a
04 letter from petitioner's sister stating that she is unable to take her brother, and a letter from the
05 parents of petitioner's brother-in-law stating that they are unable to provide financial assistance
06 but think he is a fine young man. *Id.* at 17-30. Petitioner's ex-wife, the victim of the domestic
07 violence charges petitioner was convicted of, submitted evidence through counsel opposing
08 bond, including a statement that she would fear for her safety and the safety of their young son
09 if petitioner was released. *Id.* at 31-48. The IJ denied bond, finding that petitioner presents a
10 danger to the community and is a flight risk. *Id.* at 15. Petitioner reserved the right to appeal
11 the IJ's decision to the Board of Immigration Appeals ("BIA"), but never filed an appeal. *See*
12 *id.*

13 On November 21, 2013, petitioner initiated the instant action.[1] *See* Dkt. 1. A merits
14 hearing in petitioner's removal proceedings is scheduled for March 11, 2014. Dkt. 5-1 at 16.

### III. DISCUSSION

16 Petitioner brings this action pursuant to 28 U.S.C. § 2241, which authorizes the district
17 court to grant a writ a habeas corpus whenever a petitioner is "in custody in violation of the
18 Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "On habeas
19 review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh*
20 *v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). The necessity of exhaustion, therefore, is
21 governed by sound judicial discretion. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992),

---

[1] Petitioner's counsel is not representing him in the instant habeas proceedings.

*superseded by statutory amendment as noted in Booth v. Churner*, 532 U.S. 731, 738 (2001). Nevertheless, "[p]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35-36, n.5 (2006).

When determining whether to require prudential exhaustion, courts consider whether "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). Even if these factors weigh in favor of prudential exhaustion, waiver of exhaustion may be appropriate "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)). When a petitioner fails to exhaust prudentially required administrative remedies and exhaustion is not waived, "a district court should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies . . . ." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Here, the second and third *Puga* factors weigh in favor of prudential exhaustion, and none of the reasons to waive exhaustion are present. The Court thus deems it prudent to require petitioner to exhaust his administrative remedies on the bond issue before seeking

habeas relief in the federal district court. Because petitioner did not appeal the IJ's bond determination to the BIA, he has not exhausted his administrative remedies. *See* 8 C.F.R. § 236.1. As such, the Court recommends dismissing his habeas petition without prejudice. *See Leonardo*, 646 F.3d at 1160.

Moreover, even if petitioner had exhausted his administrative remedies, he has failed to establish that his detention violates constitutional or federal law. There is no dispute that the statutory authority for petitioner's detention is 8 U.S.C. § 1226(a). Section 1226(a) provides the framework for the arrest, detention, and release of aliens in removal proceedings. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings. *See id*. Section 1226(a) states in relevant part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on –
>
>     (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
>     (B) conditional parole . . .

8 U.S.C. § 1226(a).

When an alien is arrested and taken into immigration custody, ICE makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1. After the initial custody determination, the alien may request a bond redetermination by an IJ. *Id.* If the IJ

denies bond, the alien may appeal the IJ's bond determination to the BIA. *Id.*

At a bond hearing, the burden is on the detainee to show to the satisfaction of the IJ that he warrants release on bond. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). In making a bond decision, an IJ "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Id.* An IJ may also consider any number of discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

*Id.*

In this case, the record shows that petitioner received a bond redetermination hearing on October 29, 2013, before an IJ, who reviewed petitioner's custody status and determined that he should remain detained pending completion of his removal proceedings because he presents a danger to the community and is a flight risk. Dkt. 5-1 at 15. Particularly given the submissions of petitioner's ex-wife, *see id.* at 31-48, ample evidence supports the IJ's bond determination, and petitioner fails to raise any constitutional or federal statutory issue with respect to the hearing.[2] Petitioner reserved the right to appeal the IJ's bond decision to the

---

2 To the extent petitioner merely seeks to challenge the IJ's discretionary judgment, the Court is without jurisdiction. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("[An] alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not

BIA, but he never filed any appeal. Thus, although bond was denied, the Court finds that petitioner has received all of the benefits of due process to which he is entitled. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (9th Cir. 2008). Because petitioner's detention is authorized by 8 U.S.C. § 1226(a) and he has been afforded a proper bond hearing before an IJ, petitioner's claim that his detention without bond is a violation of due process must be denied. *See Demore v. Kim*, 538 U.S. 510, 523, 531 (2003) (aliens may be detained for the brief period necessary for their removal proceedings).

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DENIED, Dkt. 1, respondent's motion to dismiss be GRANTED, Dkt. 5, and this matter be DISMISSED without prejudice.

A proposed order accompanies this Report and Recommendation.

DATED this 30th day of January, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge

---

subject to judicial review, *see* § 1226(e)."); 8 U.S.C. § 1226(2) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.").